# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF APACHE

| | |
|---|---|
| KRISTIE WILLIAMS, a single woman, | Case No.  **CV-2013-209** |
|            Plaintiff, | SUMMONS |
| vs. | |
| YUKON TRAILS, INC., a California corporation; ALCO STORES, INC.; UNIVERSAL PRODUCT CONCEPTS, INC.; JANE DOE 1-10; JOHN DOE 1-10; A-Z PARTNERSHIP; A-Z CORPORATION; UNKNOWN HEIRS AND DEVISEES OF ABOVE NAMED PARTIES, DECEASED; | |
|            Defendants. | |

THE STATE OF ARIZONA to the above-named Defendants:

Yukon Trails, Inc.

I.    A lawsuit has been filed against you.

II.    If you do not want a judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court, P. O. Box 668, Holbrook, Arizona  86025, accompanied by the necessary filing fee.  A copy of the Response must also be mailed to the plaintiff/attorney whose name and address is:

David J. Martin, P. O. Box 808, Lakeside, AZ 85929.

III.    The Response must be filed within TWENTY (20) DAYS, exclusive of the date of service, if served within the State of Arizona, or within THIRTY (30) DAYS, exclusive of the date of service, if served outside the State of Arizona.

IV.    This is a legal document.  If you do not understand

its consequences, you should seek the advice of an attorney.

WITNESS My Hand and the Seal of the Superior Court.

DATED this _12th_ day of _November_, 2013.

**Sue Hall**    Clerk of the Superior Court

By _____

Deputy Clerk

1 | David J. Martin, Attorney at Law, P.L.L.C.
Post Office Box 808
2 | Lakeside, AZ 85929-0808
(928) 368-8677
3 | Facsimile (928) 368-8652
djmpllc@gmail.com
4
State Bar #009508
5 | Attorney for Respondent

6 |             IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7 |                 IN AND FOR THE COUNTY OF APACHE

8 | KRISTIE WILLIAMS, a single          )   Case No. CV 2013-209
woman,                               )
9 |                                      )   **CERTIFICATE OF COMPULSORY**
                                     )   **ARBITRATION**
            Plaintiff,               )
10 |                                     )
vs.                                  )
11 |                                     )
YUKON TRAILS, INC., a                )
12 | California corporation;             )
ALCO STORES, INC.; UNIVERSAL         )
13 | PRODUCT CONCEPTS, INC.;             )
JANE DOE 1-10; JOHN DOE              )
14 | 1-10; A-Z PARTNERSHIP;              )
A-Z CORPORATION; UNKNOWN             )
15 | HEIRS AND DEVISEES OF               )
ABOVE NAMED PARTIES,                 )
16 | DECEASED;                           )
                                     )
17 |             Defendants.            )
_____)
18

19 |         COMES NOW Plaintiff, by and through the undersigned

20 | attorney, and certifies that the largest award sought by the

Complainants, including punitive damages, but excluding interest and
21 |
attorney's fees and costs, does exceed the limits set by Rule 72
22 |
through 76, Arizona Rules of Civil Procedure, and the local
23 |
Administrative Rule. This case is not subject to compulsory
24 |
arbitration.
25 |
        RESPECTFULLY SUBMITTED this 8 day of Nov , 2013.
26

27

28 |         DAVID J. MARTIN
        Attorney for Defendants

SUE HALL, CLERK
RECEIVED
NIGHT DEPOSITORY

2013 NOV 11  AM 9: 33

1  David J. Martin, Attorney at Law, P.L.L.C.
   Post Office Box 808
2  Lakeside, AZ 85929-0808
   (928) 368-8677
3  Facsimile (928) 368-8652
   djmpllc@gmail.com
4  State Bar #009508
   Attorney for Respondent
5

6            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7               IN AND FOR THE COUNTY OF APACHE

8  KRISTIE WILLIAMS, a single    )    Case No. CV 2013-209
   woman,                        )
                                 )    **COMPLAINT**
9                                )
              Plaintiff,         )    (Tort - Motor Vehicle)
10                               )
   vs.                           )
11                               )
   YUKON TRAILS, INC., a         )
12 California corporation;       )
   ALCO STORES, INC.; UNIVERSAL )
13 PRODUCT CONCEPTS, INC.        )
   JANE DOE 1-10; JOHN DOE       )
14 1-10; A-Z PARTNERSHIP;        )
   A-Z CORPORATION; UNKNOWN      )
15 HEIRS AND DEVISEES OF         )
   ABOVE NAMED PARTIES,          )
16 DECEASED;                     )
                                 )
17            Defendants.        )
   _____)

18      COMES NOW Plaintiff, KRISTIE WILLIAMS, by and through the

19 undersigned attorney, and for its Complaint against Defendants,

20 complains and alleges as follows:

21      1.   Plaintiff Kristie Williams is a resident of County of

22 Apache, State of Arizona.  Plaintiff Kristie Williams brings

23 this action on her own behalf.  Plaintiff Kristie Williams is a

24 single woman.  Plaintiff Kristie Williams sustained serious and

25 permanent injuries on November 12, 2011, which is the subject of

26 this action.

27      2.   Prior to the date of injury, November 12, 2011,

28 Plaintiff purchased a Serengeti Motor Sports Badger 100

1 | minibike.

2 |     3.    Plaintiff is informed and believes, and thereupon
3 | alleges that at all times relevant herein, Defendant Yukon
4 | Trails, Inc. was and is a California corporation authorized to
5 | do business in the State of California, which caused events
6 | herein complained of to occur in Apache County, Arizona.

7 |     4.    Defendant Alco Stores, Inc., was and is a Kansas
8 | corporation, authorized to do business in the State of Arizona,
9 | which caused events herein complained of to occur in Apache
10 | County, Arizona.

11 |     5.    Defendant Yukon Trails, Inc., upon information and
12 | belief, purchased Serengeti Motor Sports' product Badger 100
13 | Minibike, the vehicle that caused Plaintiff's injuries, from
14 | Universal Product Concepts, Inc., a California corporation.

15 |     6.    Upon information and belief, Defendant Yukon Trails,
16 | Inc. manufactured and distributed minibikes for sale to and use
17 | by members of the general public and placed the vehicle at issue
18 | into the stream of commerce in the ordinary course of business.

19 |     7.    Universal Product Concepts, Inc. was a California
20 | corporation authorized to do business in the State of California
21 | which caused events herein complained of to occur in Apache
22 | County, Arizona.

23 |     8.    Defendant Universal Product Concepts, Inc. is a
24 | manufacturer and distributor of Serengeti Motor Sports' product
25 | known as the Badger 100 Minibike and manufactured and
26 | distributed minibikes for sale to and used by members of the
27 |
28 |

1   general public and placed the vehicle at issue into the stream
2   of commerce in the ordinary course of business.

3       9.   Defendant Alco Stores, Inc. is and was a seller of the
4   Serengeti Motor Sports Badger 100 minibike at issue in this case
5   and maintains a retail store at which the subject vehicle was
6   purchased in St. Johns, Navajo County, Arizona.

7       10.   Defendant John Doe 1 and Defendant Jane Doe 1 are
8   husband and wife, and during all times mentioned herein were
9   residents of the County of Apache, State of Arizona.  Defendant
10  John Doe 1 was, upon information and belief, an employee of
11  Defendant Alco Stores, Inc., in St. Johns, Navajo County,
12  Arizona, and was the individual who improperly assembled the
13  minibike at issue in this case.

14      11.   Plaintiff is informed and believes, and therefore
15  alleges, that each of the Defendants designated by a fictitious
16  name herein is or may in some manner be responsible for the
17  damages and injuries as alleged in this Complaint. Upon learning
18  the true identity, nature, or capacity of the fictitious
19  defendants, Plaintiff will amend this Complaint to allege their
20  true names and capacities.

21      12.   Any and all fictitious-named individuals, which will
22  be definitely stated as the information becomes known, was
23  acting for or on behalf of the marital community, and his/her
24  spouse is or may be totally liable to Plaintiff and will be
25  named with specificity upon discovery of his/her true identity.

26      13.  Whenever reference is made in this Complaint to any act

27

28                                    3

of Defendants, such allegation shall mean that each defendant acted individually and jointly with the other defendants named in this cause of action.

14.   Whenever reference is made in this Complaint to any act of any corporate or other business defendant, such allegation shall mean that such corporation or other business did the acts alleged in the Complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

15.   At all relevant times, each of the defendants have acted as an agent, representative, or employee of each of the other defendants and has acted within the course and scope of said agency or representation or employment with respect to the causes of action in this Complaint.

16.   The amount in controversy related to this Complaint exceeds the minimum jurisdictional limits of this Court.

### FACTUAL BACKGROUND

17.   On or about July 18, 2011, Plaintiff purchased from Defendant Alco Stores, Inc. in St. Johns, Apache County, Arizona, a Serengeti Motor Sports Badger 100 minibike (hereinafter "minibike").

18.   At the time of the purchase of the minibike, it was already preassembled despite being sold together with an Assembly Manual.

19.   Upon information and belief, Defendant John Doe assembled the minibike at the direction of his/her employer,

4

Defendant Alco Stores, Inc., during the ordinary course and scope of his/her employment.

20. On November 12, 2011, while operating the minibike, the front wheel disconnected, causing the front forks of the minibike to suddenly contact the roadway surface resulting in an abrupt stop of the minibike, causing Plaintiff to be thrown over the handlebars resulting in striking the side of her head very forcefully on the roadway surface.

21. As a direct and proximate result, Plaintiff suffered a subarachnoid hemorrahge in the right parietam region of her head.

22. The Plaintiff was taken to Summit Healthcare in Show Low, Arizona, for initial treatment and, given the degree of injury to her head, was flown to Banner Good Samaritan Medical Center for further treatment.

23. As a result of the abrupt stop of the minibike and subsequent striking of Plaintiff's head on the roadway surface, Plaintiff Kristie Williams has been seriously and permanently injured by, among other things, a loss of her sense of smell and taste.

24. The minibike operated by Plaintiff, as well as the Assembly Manual, was manufactured, assembled, distributed, and placed into the stream of commerce by Defendants Yukon Trails, Inc. and/or Universal Product Concepts, Inc. and/or A-Z Partnership and/or A-Z Corporation.

25. Defendants, and each of them, knew that the minibike

1  being manufactured and distributed by Defendants Yukon Trails,
2  Inc. and/or Universal Product Concepts, Inc. and/or A-Z
3  Partnership and/or A-Z Corporation would be used by the user
4  without inspection for defects therein or in any of its
5  component parts.

6     26.  The detachment of the front wheel of the minibike
7  resulted in its abrupt stop and causing Plaintiff to be thrown
8  over the handlebars, striking her head on the roadway surface
9  created an unreasonable and unnecessary risk of injury to
10 Plaintiff.

11    27.  Upon information and belief, the front fork tubes on
12 the minibike were installed in opposing directions resulting
13 in the failure of the axle nut to seat flush on the fork
14 surface creating an unreasonable, dangerous, and unnecessary
15 risk of severe injury to Plaintiff.

16    28.  Upon information and belief, the front wheel axle
17 was installed right to left contrary to the manual
18 instructions to install the axle from left to right.

19    29.  The performance of the minibike's front fork
20 assembly system failed Arizona's Consumer Expectation Test.

21    30.  The performance of the minibike's front fork
22 assembly failed Arizona's Risk/Benefit Test.

23    31.  Defendant Yukon Trails, Inc. and/or Universal
24 Product Concepts, Inc. and/or A-Z Partnership and/or A-Z
25 Corporation placed the negligently designed and manufactured
26 vehicle and Assembly Instructions into the stream of commerce.

27

28
                                    6

## COUNT ONE

### COMMON LAW NEGLIGENCE AGAINST ALL DEFENDANTS

32. Plaintiff hereby incorporates by reference and each allegation contained in Paragraphs 1 through 31 above as if fully set forth.

33. Defendants and each of them owed a duty of care to individuals operating the minibike manufactured and or assembled in whole or in part and placed into the stream of commence by said Defendants.

34. Defendants and each of them have breached this duty of care by, among other things:

    A. Negligently designing the front fork assembly of the minibike.

    B. Negligently designing and publishing and distributing the Assembly Instructions which failed to clearly indicate how the front fork tubes were to be installed.

    C. Negligently assembling the front fork tube, axle, wheel, and associated hardware on the subject minibike.

35. For the reasons specified herein, the minibike was, at the time it was purchased and used as alleged herein, defective and unsafe for its intended purposes.

36. As a direct and proximate result of Defendants' negligence, recklessness, and conscious decisions, as alleged herein, Plaintiff suffered physical and mental injuries, including but not limited to, complete loss of smell and taste which, upon information, is believed to be permanent, as well

7

as economic and non-economic damages, including but not limited to, medical expenses, lost wages, loss of enjoyment of life, loss of consortium, grief, anguish, emotional distress, and other injuries and losses both consequential and incidental thereto.

## COUNT TWO

### PRODUCT LIABILITY DESIGN DEFECT AGAINST
### DEFENDANTS YUKON TRAILS, INC.
### AND UNIVERSAL PRODUCT CONCEPTS, INC.
### AND A-Z CORPORATION AND A-Z PARTNERSHIP

37.  Plaintiff hereby incorporates by reference and each allegation contained in Paragraphs 1 through 36 above as if fully set forth.

38.  Defendants and each of them are liable to Plaintiff because of the defective and unreasonable dangerous design of the front fork assembly, the front fork tube, axle, wheel assembly, and assorted hardware in the minibike and failure to provide proper instructions for the assembly of the minibike.

39.  As a direct and proximate result of Defendants' design of the subject minibike and/or assembly instructions, as alleged herein, Plaintiff suffered physical and mental injuries, including but not limited to, complete loss of smell and taste which, upon information, is believed to be permanent, as well as economic and non-economic damages, including but not limited to, medical expenses, lost wages, loss of enjoyment of life, loss of consortium, grief, anguish,

8

emotional distress, and other injuries and losses both consequential and incidental thereto.

40.   Defendants secretly withheld information from the Plaintiff and the public about the minibike's risk as designed and/or lack of proper assembling instructions, posing a risk of causing serious injury to an operator of the minibike which other minibike manufacturers did not.

41.   Plaintiff, upon information and belief, alleges that Defendants knew that the assembly instructions and minibike manufactured, designed, assembled, and distributed by them was defective and dangerous in the manner alleged herein.

42.   Defendants knew that because of the defects, the minibike could not be safely used for the purpose for which it was intended.

43.   Defendants knew that the minibike and/or assembly instructions were defective and dangerous, willfully and consciously disregarded the safety of the public by placing it on the market and knew that it did so that the minibike would be sold to and used by the general public without inspections for defects.

44.   Defendants, by placing the defective minibike and/or assembly instructions on the market, impliedly represented that the minibike was safe for the purpose for which it was intended.

45.   Defendants, by placing the minibike and assembly

1  instructions on the market and otherwise representing it as

2  able to perform safely, intended that customers and the

3  unknowing public should rely upon its representations.

4  Plaintiff, in purchasing and using the defective minibike did

5  rely on those representations to her detriment resulted in

6  damages to her as herein alleged.

7      46.   In doing the things alleged herein, Defendants were

8  guilty of malice, oppression, and fraud, and Plaintiff is

9  therefore entitled to recover exemplary or punitive damages.

**COUNT THREE**

**PRODUCT LIABILITY - MANUFACTURING DEFECT AGAINST DEFENDANTS**

**YUKON TRAILS, INC. AND UNIVERSAL PRODUCT CONCEPTS, INC.**

**AND A-Z CORPORATION AND A-Z PARTNERSHIP**

14      47.   Plaintiff hereby incorporates by reference and each

15  allegation contained in Paragraphs 1 through 46 above as if

16  fully set forth.

17      48.   Defendants manufactured the front fork assembly,

18  front fork tubes, axle, wheel, and assorted hardware in the

19  minibike causing it to be unreasonably dangerous for its user.

20      49.   As a direct and proximate result of Defendants'

21  negligence, recklessness, and conscious disregard, as alleged

22  herein, Plaintiff suffered physical and mental injuries

23  including, but not limited to, complete loss of smell and

24  taste which, upon information, is believed to be permanent, as

25  well as economic and non-economic damages, including but not

26  limited to, medical expenses, lost wages, loss of enjoyment of

1  life, loss of consortium, grief, anguish, emotional distress,
2  and other injuries and losses both consequential and
3  incidental thereto.

4      50.  Plaintiff, upon information and belief, alleges that
5  Defendants knew that the minibike being finished or designed,
6  assembled, and distributed by it was defective and dangerous
7  in the manner alleged herein.

8      51.  Defendants knew that because of the defects, the
9  minibike could not be safely used for the purpose for which it
10  was intended.

11      52.  Defendants, knowing that the minibike was defective
12  and dangerous, willfully and in conscious disregard for the
13  safety of the public and Plaintiff, placed it on the market
14  and knew when it did so that the minibike would be sold to
15  users of the general public without inspection for defects in
16  it and/or the assembly instructions.

17      53.  Defendants, by placing the defective minibike on the
18  market, impliedly represented that it was safe for the purpose
19  for which it was intended.

20      54.  Defendants, by placing the minibike and/or assembly
21  instructions on the market and otherwise representing it as
22  able to perform safely, intended that customers and the
23  unknowing public should rely upon their misrepresentations.

24      55.  Plaintiff, in purchasing and using the defective
25  minibike, did rely upon the Defendants' representations, to
26  her detriment resulting in damages as herein above alleded.

27
28                              11

56.   In doing all of these things, Defendants were guilty of malice, oppression, and fraud and Plaintiff is, therefore, entitled to recover exemplary or punitive damages.

## COUNT FOUR

### BREACH OF WARRANTY AGAINST DEFENDANTS YUKON TRAILS, INC. AND UNIVERSAL PRODUCT CONCEPTS, INC. AND A-Z CORPORATION AND A-Z PARTNERSHIP

57.   Plaintiff hereby incorporates by reference and each allegation contained in Paragraphs 1 through 56 above as if fully set forth.

58.   The minibike had an implied warranty of fitness for a particular purpose.  This implied warranty was breached by the dangerous design of the minibike's front fork assembly, front fork tubes, axle, wheel, and asserted hardware as alleged above.

59.   As a direct and proximate result of Defendants' negligence, recklessness, and/or conscious disregard, as alleged herein, Plaintiff suffered physical and mental injuries, including but not limited to, complete loss of smell and taste which, upon information, is believed to be permanent, as well as economic and non-economic damages, including but not limited to, medical expenses, lost wages, loss of enjoyment of life, loss of consortium, grief, anguish, emotional distress, and other injuries and losses both consequential and incidental thereto.

12

## COUNT FIVE

## COMMON LAW NEGLIGENCE AGAINST DEFENDANT ALCO STORES, INC.
## AND DOE 1-10

60.  Plaintiff hereby incorporates by reference and each allegation contained in Paragraphs 1 through 59 above as if fully set forth.

61.  Upon information and belief, John Doe, as an employee of Defendant Alco Stores, Inc. and in the course and scope of his employment and at the direction of Defendant Alco, assembled the subject minibike.

62.  The assembly of the subject minibike was negligently performed and failed to follow the assembly instructions.

63.  Defendant Alco Stores, Inc. is liable for the negligence of its agent/employee under theories of respondeat superior.

64.  As a direct and proximate result of the negligence of Defendants Alco Stores, Inc. and John Doe, as aforesaid, Plaintiff has suffered physical and mental injuries including, but not limited to, complete loss of smell and taste which, upon information, is believed to be permanent, as well as economic and non-economic damages, including but not limited to, medical expenses, lost wages, loss of enjoyment of life, loss of consortium, grief, anguish, emotional distress, and other injuries and losses both consequential and incidental thereto.

65.  As a direct and proximate and legal result of the

13

1  negligence of Defendants Alco Stores, Inc. and John Doe,
2  Plaintiff is forced to defend against the manufacturer
3  defendants' defenses with a claim that Alco Stores, Inc. and
4  John Doe's negligence caused Plaintiff's serious and permanent
5  injuries.

6  

### COUNT SIX

### FAILURE TO WARN AGAINST DEFENDANTS
### YUKON TRAILS, INC. AND UNIVERSAL PRODUCT CONCEPTS, INC.
### AND A-Z CORPORATION AND A-Z PARTNERSHIP

10  66. plaintiff hereby incorporates by reference and each
11  allegation contained in Paragraphs 1 through 65 above as if
12  fully set forth.

13  67.  DefendantS failed to warn Plaintiff of the dangerous
14  conditions and defects alleged in this CompÍaint.

15  68.  As a direct and proximate result of Defendants'
16  failure to warn as alleged herein, Plaintiff suffered physical
17  and mental injuries including, but not limited to, complete
18  loss of smell and taste which, upon information, is believed
19  to be permanent, as well as economic and non-economic damages,
20  including but not limited to, medical expenses, lost wages,
21  loss of enjoyment of life, loss of consortium, grief, anguish,
22  emotional distress, and other injuries and losses both
23  consequential and incidental thereto.

24  

### COUNT SEVEN

### CONSUMER FRAUD AGAINST YUKON TRAILS, INC. AND UNIVERSAL
### PRODUCT CONCEPTS, INC. AND A-Z CORPORATION AND A-Z PARTNERSHIP

28

69. plaintiff hereby incorporates by reference and each allegation contained in Paragraphs 1 through 68 above as if fully set forth.

70.   The Defendants' acts described in this Complaint and unlawful acts committed in violation of A.R.S. 44-1522.

71.   As a direct and proximate result of the breaches of Arizona's Consumer Fraud statutes as alleged herein, Plaintiff suffered physical and mental injuries including, but not limited to, complete loss of smell and taste which, upon information, is believed to be permanent, as well as economic and non-economic damages, including but not limited to, medical expenses, lost wages, loss of enjoyment of life, loss of consortium, grief, anguish, emotional distress, and other injuries and losses both consequential and incidental thereto.

WHEREFORE, Plaintiff prays for damages against all Defendants as follows:

1.   For a sum that is reasonable and just to Plaintiff for all actual and consequential damages, economic and non-economic damages including loss of income, pain and suffering, medical expenses, cost of care, loss of enjoyment of life, lost support, loss of consortium, loss of companionship, loss of the sense of taste and smell, as well as the profound grief, anguish, and emotional distress to Plaintiff.

2.   For punitive damages.

3.   For costs and attorney's fees to the extent permitted by law.

15

4.   For such other and further damages as may be awardable under the laws applicable to this action.

RESPECTFULLY SUBMITTED this ___ day of _Nov_____, 2013.

_____
DAVID J. MARTIN
Attorney for Plaintiff

16

1 | Michael Herzog, SBA: 005892
**THE HERZOG LAW FIRM, P.C.**
2 | 14350 N. 87th Street, Suite 180
Scottsdale, Arizona  85260
3 | Telephone:  480-264-0842
Facsimile:  480-422-9008
4 | Email: mh@herzogfirm.com
*Attorney for Defendant Universal*
5 | *Product Concepts, Inc.*

6 |                 IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7 |                     IN AND FOR THE COUNTY OF APACHE

8 | KRISTIE WILLIAMS, a single woman,          Case No:   CV2013-209

9 |                 Plaintiff,          **NOTICE OF COMPLIANCE**
**WITH RULE 72, A.R.C.P.**
10 |

11 | v.

12 | YUKON TRAILS, INC., a California          (Assigned to the Honorable Donna
corporation; ALCO STORES, INC.;          Grimsley)
13 | UNIVERSAL PRODUCT CONCEPTS,
INC.; JANE DOES 1-10; JOHN DOE 1-10;
14 | A-Z PARTNERSHIP; A-Z CORPORATION;
UNKNOWN HEIRS AND DEVISEES OF
15 | ABOVE NAMED PARTIES, DECEASED,

16 |                 Defendants.

17 |          Defendant Universal Product Concepts, Inc., by and through its attorneys undersigned

18 | and pursuant to Rule 72, A.R.C.P., hereby states that it does not controvert Plaintiff's

19 | Certificate Regarding Compulsory Arbitration.  Because Plaintiff is seeking an award in

20 | excess of the limits set by local rule for compulsory arbitration, this case is not subject to

21 | compulsory arbitration.

22 |          DATED this _26_ day of December, 2013.

23 |                         THE HERZOG LAW FIRM, P.C.

24 |
                        By
25 |                         Michael Herzog
                        14350 N 87th Street, Suite 180
26 |                         Scottsdale, Arizona  85260
                        *Attorneys for Defendant Universal*
27 |                         *Product Concepts, Inc.*

28 |                                 1

1 | ORIGINAL of the foregoing mailed for filing
this __26__ day of December, 2013, with:

2

3 | Clerk of the Court
APACHE COUNTY SUPERIOR COURT
P.O. Box 667

4 | St. Johns, Arizona   85936

5 | COPIES of the foregoing mailed
this __26__ day of December, 2013, to:

6

7 | Honorable Donna Grimsley
APACHE COUNTY SUPERIOR COURT
P.O. Box 667

8 | St. Johns, Arizona   85936

9 | Court Administrator
APACHE COUNTY SUPERIOR COURT

10 | P.O. Box 667
St. Johns, Arizona   85936

11

12 | COPY of the foregoing mailed
this __26__ day of December, 2013, to:

13 | David J. Martin, Esq.
P.O. Box 808

14 | Lakeside, Arizona   85929-0808
*Attorneys for Plaintiff*

15

16 | By_____

17

18

19

20

21

22

23

24

25

26

27

28

1 | Michael Herzog, SBA:  005892
**THE HERZOG LAW FIRM, P.C.**
2 | 14350 N. 87th Street, Suite 180
Scottsdale, Arizona  85260
3 | Telephone:  480-264-0842
Facsimile:  480-422-9008
4 | Email: mh@herzogfirm.com

5 | *Attorney for Defendant Universal*
  *Product Concepts, Inc.*

6 |

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7 |

IN AND FOR THE COUNTY OF APACHE

8 |

KRISTIE WILLIAMS, a single woman, | Case No:  CV2013-209

9 |

10 | Plaintiff, | **ANSWER OF DEFENDANT UNIVERSAL PRODUCT CONCEPTS, INC.**

11 | v.

12 | YUKON TRAILS, INC., a California corporation; ALCO STORES, INC.;
13 | UNIVERSAL PRODUCT CONCEPTS, INC.; JANE DOES 1-10; JOHN DOE 1-10; | (Assigned to the Honorable Donna Grimsley)
14 | A-Z PARTNERSHIP; A-Z CORPORATION; UNKNOWN HEIRS AND DEVISEES OF
15 | ABOVE NAMED PARTIES, DECEASED,

16 | Defendants.

17 |

18 | For its Answer to Plaintiff's Complaint, Defendant Universal Product Concepts, Inc.

19 | (hereinafter "Universal"), hereby admits, denies and alleges as follows:

I.

20 |

21 | Answering paragraphs 1 through 16 of the Complaint, Defendant Universal denies that

22 | it caused any event to occur out of which the lawsuit in question arises.  Defendant Universal

23 | denies that any other Defendant was acting as an agent, representative, or employee of

24 | Universal, or that Universal was acting as an agent, representative, or employee of any other Defendant at any time material to this lawsuit.  Defendant Universal lacks sufficient

25 | information at this time to determine the truth of the remaining allegations contained in

26 | paragraphs 1 through 16 of the Complaint, and therefore denies same.

27 |

28 |

1

**II.**

Defendant Universal lacks sufficient information at this time to determine the truth of the allegations contained in paragraphs 17 through 31 of the Complaint, and therefore denies same.

**III.**

Answering paragraph 32 of the Complaint, Defendant Universal incorporates by reference all admissions, denials and allegations set forth above.

**IV.**

Defendant Universal denies the allegations contained in paragraphs 33 through 36 of the Complaint, as those allegations pertain to Defendant Universal. Defendant Universal lacks sufficient information at this time to determine the truth of the remaining allegations contained in paragraphs 33 through 36 of the Complaint, and therefore denies same.

**V.**

Answering paragraph 37 of the Complaint, Defendant Universal incorporates by reference all admissions, denials and allegations set forth above.

**VI.**

Defendant Universal denies the allegations contained in paragraphs 38 through 46 of the Complaint, as those allegations pertain to Defendant Universal. Defendant Universal lacks sufficient information at this time to determine the truth of the remaining allegations contained in paragraphs 38 through 46 of the Complaint, and therefore denies same.

**VII.**

Answering paragraph 47 of the Complaint, Defendant Universal incorporates by reference all admissions, denials and allegations set forth above.

**VIII.**

Defendant Universal denies the allegations contained in paragraphs 48 through 56 of the Complaint, as those allegations pertain to Defendant Universal. Defendant Universal

1  lacks sufficient information at this time to determine the truth of the remaining allegations

2  contained in paragraphs 48 through 56 of the Complaint, and therefore denies same.

IX.

4     Answering paragraph 57 of the Complaint, Defendant Universal incorporates by

5  reference all admissions, denials and allegations set forth above.

X.

7     Defendant Universal denies the allegations contained in paragraphs 58 and 59 of the

8  Complaint, as those allegations pertain to Defendant Universal.   Defendant Universal lacks

9  sufficient information at this time to determine the truth of the remaining allegations contained

10  in paragraphs 58 and 59 of the Complaint, and therefore denies same.

XI.

12     Answering paragraph 60 of the Complaint, Defendant Universal incorporates by

13  reference all admissions, denials and allegations set forth above.

XII.

15     Paragraphs 61 through 65 of the Complaint are not directed to Defendant Universal,

16  and therefore no answer from Defendant Universal is required.   In the event that an answer to

17  these paragraphs by Universal is deemed required, Defendant Universal states that it lacks

18  sufficient information at this time to determine the truth of the allegations contained in

19  paragraphs 61 through 65 of the Complaint, and therefore denies same.

XIII.

21     Answering paragraph 66 of the Complaint, Defendant Universal incorporates by

22  reference all admissions, denials and allegations set forth above.

XIV.

24  Defendant Universal denies the allegations contained in paragraphs 67 and 68 of the

25  Complaint, as those allegations pertain to Defendant Universal.  Defendant Universal lacks

26  sufficient information at this time to determine the truth of the remaining allegations contained

27

28

3

1  in paragraphs 67 and 68 of the Complaint, and therefore denies same.

2  XV.

3  Answering paragraph 69 of the Complaint, Defendant Universal incorporates by

4  reference all admissions, denials and allegations set forth above.

5  XVI.

6  Defendant Universal denies the allegations contained in paragraphs 70 and 71 of the

7  Complaint, as those allegations pertain to Defendant Universal.   Defendant Universal lacks

8  sufficient information at this time to determine the truth of the remaining allegations contained

9  in paragraphs 70 and 71 of the Complaint, and therefore denies same.

10  XVII.

11  Defendant Universal denies each material allegation of the Complaint not herein

12  expressly admitted.

13  <u>AFFIRMATIVE DEFENSES</u>

14  XVIII.

15  Plaintiff's claim for punitive damages must be dismissed as to Defendant Universal on

16  the basis that it fails to state a claim upon which relief can be granted.

17  XIX.

18  Plaintiff's claims for punitive damages as to Defendant Universal are frivolous, not

19  founded in fact, are brought without substantial justification, are groundless, are not made in

20  good faith, and constitute harassment.   Therefore, Defendant Universal is entitled to an award

21  of attorney's fees pursuant to A.R.S. §12-341.01(C), and A.R.S. §12-349.

22  XX.

23  Count IV of Plaintiff's Complaint against Defendant Universal must be dismissed on

24  the basis that it fails to state a claim upon which relief can be granted.

25

26

27

28

4

### XXI.

Count VII of Plaintiff's Complaint alleging consumer fraud must be dismissed as to Defendant Universal on the basis that it fails to state a claim upon which relief can be granted.

### XXII.

Plaintiff's Complaint must be dismissed in its entirety as to Defendant Universal on the basis that it fails to state a claim upon which relief can be granted.

### XXIII.

In response to Plaintiff's Complaint, Defendant Universal alleges as though set forth herein *in haec verba*, all affirmative defenses set forth in Rule 8(c), A.R.C.P., including specifically assumption of risk, contributory negligence, comparative negligence, statute of limitations and lack of privity. All affirmative defenses are alleged at this time in order to preserve these defenses although Defendant Universal is not sure which, if any, of the affirmative defenses listed apply.

### XXIV.

If Defendant Universal is held liable to Plaintiff in this action, which liability is specifically denied, said liability will not have attached by virtue of the sole, active and primary negligence of Defendant Universal, but will attach by virtue of the contributing and/or comparative negligence, assumption of risk, carelessness and recklessness of Plaintiff, proximately causing her own injuries and damages.

### XXV.

Defendant Universal is therefore entitled to an apportionment of fault as between itself and Plaintiff.

### XXVI.

In addition to the affirmative defenses set forth above, Defendant Universal alleges the affirmative defenses of misuse of the product, state of the art, and modification of the product. Defendant Universal further incorporates by reference all defenses set forth in A.R.S. §12-683.

## XXVII.

Defendant Universal further asserts the affirmative defense of improper assembly of the product at issue, and the failure to follow warning/instructions as set forth in A.R.S. §12-683.

## XXVIII.

In addition to the affirmative defenses set forth above, Defendant Universal alleges and incorporates by reference all defenses set forth in A.R.S. §12-681 through 12-687.

## XXIX.

On information and belief, Defendant Universal alleges that the condition about which Plaintiff complains was open and obvious, and therefore not unreasonably dangerous as a matter of law.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Universal prays for judgment against Plaintiff, and requests that the court dismiss Plaintiff's Complaint and order that Plaintiff take nothing thereby, and award Defendant Universal its costs incurred herein and its attorney's fees incurred herein defending all claims for punitive damages.

DATED this _26_ day of December, 2013.

THE HERZOG LAW FIRM, P.C.

By _____
Michael Herzog
14350 N 87th Street, Suite 180
Scottsdale, Arizona   85260
*Attorneys for Defendant Universal*
*Product Concepts, Inc.*

ORIGINAL of the foregoing mailed for filing this _26_ day of December, 2013, with:

Clerk of the Court
APACHE COUNTY SUPERIOR COURT
P.O. Box 667
St. Johns, Arizona   85936

1 | COPY of the foregoing mailed
this _26_ day of December, 2013, to:

2

3 | David J. Martin, Esq.
P.O. Box 808
Lakeside, Arizona   85929-0808

4 | *Attorneys for Plaintiff*

5

6 | By _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7